J-S10044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GABRIEL ISHAM PITTMAN | : | |
| | : | |
| Appellant | : | No. 1977 EDA 2017 |

Appeal from the PCRA Order June 6, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000304-1998

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                     **FILED MARCH 20, 2018**

Appellant Gabriel Isham Pittman appeals *pro se* from the order dismissing as untimely his seventh petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that he properly raised exceptions to the PCRA time bar by alleging the previously unknown facts and newly-recognized constitutional rights under 42 Pa.C.S. § 9545(b)(1)(ii) and (iii).[1]  He also claims that the PCRA time bar is unconstitutional.  We affirm.

On July 6, 1998, Appellant entered an open guilty plea to third-degree murder, recklessly endangering another person, and firearms not to be carried without a license, as well as a *nolo contendere* plea to aggravated assault.[2]

---

[1] We have reordered Appellant's arguments for the purpose of this disposition.

[2] 18 Pa.C.S. §§ 2502(c), 2705, 6106(a), and 2702(a)(6) respectively.

On July 24, 1998, the Commonwealth filed a notice of its intent to seek a mandatory minimum sentence under 42 Pa.C.S. § 9172 (sentences for offenses committed with firearms). On August 19, 1998, the trial court sentenced Appellant to an aggregate of twenty-six to fifty-nine years' incarceration.[3]

After this Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal in 1999, Appellant filed numerous PCRA and *habeas corpus* petitions. Appellant's sixth PCRA petition was filed in September of 2015. This Court affirmed the dismissal of Appellant's sixth PCRA petition on January 6, 2017. **See Commonwealth v. Pittman**, 3393 EDA 2015 (Pa. Super. filed Jan. 6, 2017) (unpublished memorandum).

Appellant filed the instant PCRA petition, his seventh, on February 14, 2017. In his petition, Appellant argued that several cases, including **Johnson v. United States**, 135 S. Ct. 2551 (2015), **Alleyne v. United States**, 570 U.S. 99 (2013), and **Commonwealth v. Martinez**, 147 A.3d 517 (Pa. 2016), recognized new constitutional rights held to apply retroactively on collateral review. Appellant also claimed that his trial counsel was ineffective for

_____

[3] Of relevance to this appeal, the trial court sentenced Appellant to twenty to forty years' imprisonment for third-degree murder and five to ten years' imprisonment for aggravated assault. Although the Commonwealth sought a five-year mandatory minimum sentence for murder of the third-degree, the trial court imposed a statutory maximum sentence on that count. **See Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015).

permitting him to plead guilty. According to Appellant, his conviction and sentence violated the Tenth Amendment because Pennsylvania amended the penalties for third-degree murder to obtain federal grants under the Violent Offender Incarceration and Truth-in-Sentencing (VOI/TIS) program.[4]

On April 5, 2017, the PCRA court filed a notice of its intent to dismiss, pursuant to Pa.R.Crim.P. 907. In its notice of intent, the court concluded that Appellant's reliance on several cases was misplaced. The court explained that *Johnson* "held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process[;]" however, Appellant was not sentenced pursuant to the ACCA. Order, 4/5/17, at n.1. It further stated that *Martinez* was also inapplicable to Appellant as it "dealt with certain registration requirements under the Sex Offender Registration and Notification Act (SORNA)." *Id.* Finally, the PCRA court suggested that *Alleyne* did not apply because Appellant was not sentenced to a mandatory minimum sentence. *Id.*

On May 5, 2017, Appellant filed a *nunc pro tunc* response to the PCRA court's notice of intent to dismiss. Appellant asserted that the intended dismissal of his petition would violate his substantive and procedural due process rights because the court did not require the Commonwealth to file an answer. Appellant further asserted that the PCRA time bar violated the Supremacy Clause of the United States Constitution because it conflicted with

---

[4] 34 U.S.C. §§ 12101-12124.

the Antiterrorism and Effective Death Penalty Act (AEDPA) and United States Supreme Court decisions construing the time limitations under the AEDPA.

Appellant also averred that the Commonwealth invoked five-year mandatory minimum sentences based on his use of a firearm. He claimed that the United States Supreme Court decision in *Hurst v. Florida*, 136 S. Ct. 616 (2016), recognized that *Alleyne* applied retroactively to his case. He suggested that the Pennsylvania Supreme Court decision in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), which held that *Alleyne* does not apply retroactively to cases pending on collateral review, was wrongly decided.

Alternatively, Appellant asserted that his petition should be converted to a petition to enforce a plea agreement or a petition for a writ of *habeas corpus*. He concluded that he was entitled to discharge from his unlawful confinement.

On June 7, 2017, the PCRA court dismissed Appellant's PCRA petition. The PCRA court adopted the reasoning it set forth in the April 5, 2017 notice of intent to dismiss. The court opined that Appellant continued to cite authority that was not relevant to this case, "including [AEDPA]—in an attempt to argue that the PCRA's time limitations are unconstitutional." Order, 6/7/17, at n.1. The court concluded that Appellant previously litigated a challenge to the constitutionality of the PCRA time bar. *Id.*

The PCRA court acknowledged that it incorrectly indicated in its notice of intent to dismiss that Appellant was not sentenced to a mandatory

minimum. *Id.* The court explained, however, that *Hurst* did not hold that *Alleyne* applied retroactively to cases on collateral review and that Appellant was not entitled to relief in light of *Washington*. *Id.*

On June 20, 2017, Appellant timely filed a notice of appeal as well as a concise statement of errors complained of on appeal. The trial court issued a Pa.R.A.P. 1925(a) opinion. The court relied on its reasons for dismissing Appellant's petition and added that Appellant's claim that it erred by failing to order the Commonwealth to file an answer was meritless because the issue of timeliness was jurisdictional.

Appellant raises the four questions on appeal, which we have reordered as follows:

1. Do the newly discovered facts of public records, and understanding of public records, regarding [VOI/TIS], a fatally defective bill of information, and plea colloquy and sentencing transcripts evincing that Appellant[']s judgments of conviction and sentence are void *ab initio*, do not meet the terms of the agreement and violate the tenth and fourteenth amendments and the contracts clauses at article I, section 10, and article 1, section 17 of the federal and state constitutions satisfy the [*Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017)]-newly discovered facts test, and did the PCRA court deprive Appellant of due process and equal protection of the law by not allowing amendment to the PCRA petition to assert these issues under subsection 9545(b)(1)(ii)?

2. Where Appellant's sentence is unconstitutional under *Alleyne* . . . which is retroactive under *Tyler v. Cain*, [533 U.S. 656 (2001)] and/or has been held and/or made retroactive by *Hurst* . . . and where the essential element of malice, as defined by state law, has been retroactively been [*sic*] held to be unconstitutionally void for vagueness under *Johnson* . . . and *Welch v.* [*United States*, 136 S. Ct. 1257 (2016)], are Appellant's conviction and mandatory minimum sentence for

third degree murder void, and aggravated mandatory statutory/guideline sentences for related offenses void, and did the PCRA court deprive Appellant of due process and equal protection of the law by finding that the timeliness exception at subsection 9545(b)(1)(iii) was not met?

3. Did the PCRA court err in dismissing the PCRA petition as untimely where the Commonwealth did not file a motion to dismiss on timeliness grounds, has the Commonwealth forfeited and/or waived the affirmative defense of untimeliness on appeal by not raising the defense in the lower court?

4. Do the 1995 procedural amendments to the PCRA render PCRA proceedings violative of the 10th amendment?

Appellant's Brief at 2 (full capitalization omitted).

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, however, petitioner must also file his petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2). "Asserted exceptions to the time restrictions for the PCRA must be included in the petition, and may not be raised for the first time on appeal." *Commonwealth v. Furgess*, 149 A.3d 90, 93 (Pa. Super. 2016) (citation omitted).

There is no dispute here that Appellant's conviction became final in 2000, and that Appellant's current PCRA petition, filed on February 14, 2017, was facially untimely. Because Appellant failed to file the instant PCRA petition within one year after his judgment of sentence became final, he must satisfy one of the exceptions to the PCRA time bar.

Appellant first claims that he recently discovered the VOI/TIS program and alleges that Pennsylvania's decision to obtain VOI/TIS grants by amending

- 7 -

its laws violates the Tenth Amendment. He contends that the PCRA court erred in failing to grant leave to amend his petition to assert a timeliness exception under section 9545(b)(1)(ii).

However, Appellant did not plead VOI/TIS as a "previously unknown fact" in his PCRA petition or his response to the PCRA court's notice of intent to dismiss his petition. Moreover, Appellant did not seek leave to amend his petition. Therefore, this claim is waived.[5] **See Furgess**, 149 A.3d at 93; **see also** Pa.R.A.P. 302(a).

Appellant next contends that the United States Supreme Court in **Hurst** recognized that **Alleyne** applies retroactively in a collateral proceeding. He further claims that the Pennsylvania Supreme Court wrongly decided **Washington**.

The PCRA court concluded:

> First, the Pennsylvania Supreme Court has specifically held that **Alleyne** does not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Second, **Hurst v. Florida**, 136 S. Ct. 616 (2016)—cited by [Appellant] to support his clam—did not hold that **Alleyne** applies retroactively to cases on collateral review.

Order, 6/7/17, at n.1. We agree.

It is well settled that in order to establish an exception to the PCRA time bar under section 9545(b)(1)(iii), the petitioner must establish: (1) "the right

---

[5] Moreover, Appellant failed to establish that VOI/TIS constitutes a "fact," **see Commonwealth v. Watts**, 23 A.3d 980, 986-87 (Pa. 2011) (distinguishing between "law" and "facts" under section 9545(b)(1)(ii)), or that he exercised due diligence in discovering this alleged fact.

asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania;]" and (2) "the right has been held by that court to apply retroactively." ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014) (quotation marks omitted). The asserted right must be recognized at the time the petition was filed. ***Id.***

The Pennsylvania Supreme Court has held that ***Alleyne*** does not apply retroactively on collateral review. ***Washington***, 142 A.3d at 820. Appellant's contention that ***Washington*** was wrongly decided is unpersuasive, but also asks this Court to disregard or overturn a controlling precedent issued by a higher court, neither of which is within this Court's province. ***See Commonwealth v. Edwards***, ___ A.3d ___, 2018 WL 487404 at *4 n.15 (Pa. Super. filed Jan. 19, 2018) ("We, of course, are duty-bound to effectuate [our Supreme] Court's decisional law" (citation omitted)).

Moreover, Appellant's reliance on ***Hurst*** is unavailing.[6] In ***Hurst***, the petitioner challenged Florida's "hybrid" procedures for the imposition of the death penalty after he was resentenced to death. ***See Hurst***, 136 S. Ct. at 620. The United States Supreme Court held that Florida's death penalty procedures violated the Sixth Amendment. ***Id.*** at 624. The Court did not expressly engage in a retroactivity analysis with respect to ***Alleyne*** and the procedural history did not suggest that the Court intended ***Alleyne*** to apply retroactively on collateral review. Therefore, Appellant's contention that

---

[6] ***Hurst*** was decided on January 12, 2016, while Appellant's appeal from his sixth PCRA petition was pending.

*Hurst* held that *Alleyne* applies retroactively for the purposes of section 9545(b)(1)(iii), or should alter the holding in *Washington*, lacks any support. Thus, the PCRA court properly rejected Appellant's alleged discovery of a new constitutional right.

Appellant further contends that *Johnson* renders the third-degree murder statute unconstitutionally vague. However, *Johnson* was decided on June 15, 2015, approximately three months before Appellant filed his sixth PCRA petition. Therefore, Appellant could have raised his claim in his prior petition, and he cannot establish that the instant seventh petition was filed within sixty days of the *Johnson* decision.[7] *See* 42 Pa.C.S. § 9545(b)(2).

Appellant next argues that the PCRA court erred in dismissing his petition as untimely without requiring the Commonwealth to file an answer. According to Appellant, the Commonwealth's failure to object to the timeliness of his petition constitutes waiver of an affirmative defense. This claim is frivolous as it is well settled that the timeliness requirements of PCRA are jurisdictional and may be raised by a court *sua sponte*. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Lastly, Appellant claims that the PCRA time bar violates the Tenth Amendment. However, Appellant's claim in this regard contravenes the claim he raised in his response to the PCRA court's notice of its intent to dismiss the

---

[7] In any event, we agree with the PCRA court that *Johnson* did not announce a new constitutional rule held to be retroactive, but merely applied due process principles to invalidate the "residual clause" of the ACCA.

petition. Therefore, we will not entertain a novel legal theory raised for the first time on appeal. **See Furgess**, 149 A.3d at 93; **see also** Pa.R.A.P. 302(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/18